# Powers v. Dickie.

*Bill in Equity for Account and Settlement of Partnership.*

49   81<br>135  528

1. *Exception to register's report.* — It is the appropriate function of an exception to the register's report under a reference, to point out with distinctness and precision the specific error complained of, or the particular item of debit or credit objected to, and when it fails to do this, the report will be sustained, if it does not transcend the limits of the order of reference.

2. *Error without injury in admission of cumulative evidence.* — The chancellor's decree will not be reversed on error on account of the admission of irrelevant evidence by the register in the statement of an account under an order of reference, when the record shows that there was sufficient legal evidence to sustain the disputed item.

3. *Partnership books.* — On the statement of an account between partners by the register, under a general order of reference, the partnership books are admissible evidence.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. B. B. McCRAW.

[Powers *v.* Dickie.]

M. J. TURNLEY, for appellant.

FOSTER & FORNEY, *contra.*

PETERS, J. — This is a suit in chancery for an account between partners and joint owners, and a division of the partnership assets. The partnership property is both real and personal. There was a consent decree for a sale of the partnership effects, which had been placed in the hands of a receiver ; and the final decree was for the complainant in the court below, from which the defendant appeals, and here he assigns for error the proceedings before the register on taking the account, the accuracy of the report, and the final decree.

The decree of the chancellor for an account is in the following words : " It is further ordered that the register of this court proceed to state and report an account between complainant and respondent, James A. Powers, of all their partnership transactions and doings, and report the amount of indebtedness, or the amount due to or from the. partnership, from each copartner, the liabilities (if any) of the partnership, and the amount (if any) to which each of the copartners is entitled." The report made under this order is the basis of the final decree. If, then, this report is correct, the final decree must be sustained. I cannot see that the report transcends the limits of the order of reference. It ascertains the whole amount of the partnership property to be divided, and the amount to which each of the partners is entitled. This was what was ordered to be done. And there is no question reserved by the respondent James A. Powers on the reference, as to the amount of the whole assets constituting the partnership property. The objection, then, is confined to the single exception, that James A. Powers was entitled to a larger amount of the partnership property than was allotted to him by the register. But what is the precise amount of this diminution ? It is not stated in the exceptions what this amount is, or of what precise sums it is composed. This ought to have been done. " It is most undeniable that the appropriate function of an exception is to point with distinctness and precision to the error complained of. It is too much to ask the court to grope through a vast mass of testimony and documentary evidence, in search of an error which is alleged to exist somewhere, and, by connecting in this instance the accountant with the judge, to ascertain what the error is." *Alexander* v. *Alexander*, 8 Ala. 796, 804. Our statute points out the method in which this shall be done. It is this : " Either party may reserve, in writing, any question arising on a reference, for the revision of the chancellor." Rev.

[Powers v. Dickie.]

Code, § 3389. A question so presented leaves the court without embarrassment. The chancellor will not have to guess or conjecture what is meant; the point reserved will be so simplified as to leave it certain that it must be settled in one of two ways. It can be determined without an explanation or an argument. This is the precision that is required in stating the points reserved. This does not seem to have been done in this cause. "All accounts taken by the register shall be in the form of debtor and creditor." Chan. Rule No. 86; Rev. Code, p. 835. And if a party objects to an item of charges, or of credits, it should appear in the point reserved precisely what the item objected to is. Then the chancellor may correct this, if erroneous, and leave the remainder of the account, as stated by the register, to stand. The court can easily determine whether the item of debit or credit thus isolated is a legal charge or a legal credit, or whether the proof that sustains it is sufficient or insufficient. This is what is meant by the precision alluded to by Judge *Ormond*, in the case of *Alexander* v. *Alexander, supra;* 8 Ala. 796, 804, *supra*. The court cannot turn aside to help a party make out his case. He must do this himself. None of the exceptions point out any named sum, or sums of money, which should not have been charged, which have been charged to appellant James A. Powers, or which should have been allowed him. They are, therefore, too indefinite to be considered.

2. The inquiry of the register goes back to 13th of April, 1866. What belonged to the partnership at that time constituted the partnership property. The rents and profits which accrued afterwards, up to the taking of the account, also constituted another portion of the partnership property; and the two together constituted what the register in his statement of his account calls the "Whole Stock of Powers & Dickie," — that is, the whole partnership assets at that date. Of this "whole stock," which is put down at $6,716.52, Powers had received in certain items of the partnership property the sum of $2,540.49, and Dickie had received in like manner $93.50. The bill shows that Dickie & Powers were equal owners in the whole of the assets of the partnership, whatever that might be. The decree of the chancellor directs that the indebtedness of each partner to the partnership should be ascertained and reported. This indebtedness is not confined to any particular character of indebtedness. It comprehends all indebtedness, however contracted, from the 13th day of April, 1866, up to the date of the account. It is not limited to such an indebtedness as may have been incurred by a partner merely while acting as partner. This latter is neither consistent with the frame of the bill nor the order of the chancellor. In this view of the

[Carpenter v. Murphree.]

case, the points reserved were not well taken. The evidence sustains the register's account; and if there was some irrelevant testimony admitted before the register, which by no means seems clear, there was enough besides which was competent to prove the items allowed. When this is the case, the decree will not be reversed on this account. *Goodrich* v. *Goodrich*, 44 Ala. 670.

3. There was no error in permitting the partnership books to be laid before the register on taking the account. *Kirkman* v. *Van Lier*, 7 Ala. 217.

Dickie was the purchaser of the partnership property sold under the decree for this purpose. There is no objection to the report and confirmation of the sale. Indeed the decree, and all the proceedings under the sale, seem to have been by consent of all the interested parties. After the sale, Dickie was only liable to pay to Powers what had been ascertained by the register's account to be the balance of his share of the assets. This is the decree of the court. The objection is that the sum thus ascertained is too small. But the objection does not define in what sum it is too small. This is necessary in order to enable the chancellor to correct it by making the proper addition. This cannot be done on mere conjecture.

The whole case is not without some confusion; yet, from the best consideration I have been able to give it, in the shape it is presented here, the learned chancellor in the court below committed no error.

It is therefore ordered and adjudged, that the decree of the court below be in all things affirmed, at the costs of appellant, said James A. Powers.