## Stein, *et al. v.* McGrath.

### Bill in Equity for Partition.

1. *Equity pleading ; right of amendment.*—Where in a bill filed asking for the dissolution of a co-partnership and the settlement of the partnership business between the persons associated under a firm name, and for a sale and distribution of the property belonging to such partnership, the allegations as to the real relations of the parties are ambiguous, a bill filed as an amendment to the original bill, which seeks by its allegations to cure the insufficient averments as to the relation of the parties, and avers that they were owners in common of the property and prays for a sale of such property and a division of the proceeds between the parties, does not substitute a new cause of action, nor is the relief varied essentially from what could have been obtained on the original bill; and, therefore, such amendment is properly allowed.

2. *Same ; bill for partition ; insufficient averments as to property*

38

*sought to be partitioned.*—An amended bill for partition, which does not, in its stating part or premises, describe the property sought to be partitioned, but refers for the description of such property to the answer and cross-bill filed by the defendant to the original bill, is not sufficient in its description of the property, and is, therefore, subject to demurrer upon such ground.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellees, Anna R. McGrath and Emma Gordon, against the appellants, Louis Stein, Fred Stein, Ella Davenport, and also against Elisha M. Fulton and Walter Woods.

The original bill had for its object and purpose the dissolution of the co-partnership and settlement of the partnership business and accounts, between the persons associated together under the firm or co-partnership name of the Mobile City Water Works (which firm was engaged in supplying the city of Mobile and its inhabitants with water), and for a sale of the property belonging to and standing in the name of said co-partnership—the Mobile City Water Works—or in the name of Albert Stein, as trustee for said partnership, for distribution among the partners. The defendant Woods, in his answer to said original bill denied the existence of the co-partnership, and by cross bill set up that the persons so associated together in said business were tenants in common and not co-partners, and in his cross bill a partial description of the property of said association is set out, and a prayer is added that the property be sold for partition as it can not be equitably divided, etc. The other defendants first demurred to said original bill, and afterwards, but before the demurrers had been passed upon, filed their answers to it and to the cross bill filed by defendant Woods. The answers of these defendants to the original bill admitted the co-partnership therein alleged, and set forth a description of the property of the Water Works Company differing somewhat, however, from that contained in defendant Woods' answer. The grounds of the demurrer to the original bill were because the prayer of said bill is upon the theory that a partnership exists between the owners of the property, and yet the bill fails to charge by any averment that any partnership exists and has existed, and further, because if the bill is filed upon the theory

that the parties own as tenants in common, and that the real and personal property is sought to be sold for division or partition, then the bill is defective because it does not aver that such property can not be equitably divided without a sale, and does not accurately describe the property sought to be sold or divided; and further, because of the uncertainty as to the allegations in regard to the legal title; also because if the legal title were held by Albert Stein, the heirs of said Albert Stein should be made parties defendant. Some of the defendants' demurrers to the original bill were sustained, and leave was granted to the complainants to amend their bill within sixty days. This order reads: "It is ordered that said motion be and it is granted, and the said proposed amendment is now made part of the bill of complaint."

The original bill contained altogether only five paragraphs or sections and the prayer, but did not contain any averment that the property comprising the City Water Works was owned by the parties to the bill as tenants in common; nor any description thereof; nor that it could not be equitably partitioned without a sale, etc.

The amended bill commences as follows: "The plaintiffs, by leave of the court first obtained, amend their bill of complaint as follows, viz.: First. Strike out the five paragraphs constituting the stating part of the bill as amended in red ink, and insert in lieu thereof the paragraphs following." Then follows paragraphs numbered consecutively from one to fourteen, inclusive.

The first paragraph starts out by stating that the complainants and defendants "are owners in common of real property, situate in the city, and also in the county of Mobile, and State of Alabama, known as the Mobile City Water Works, and which is fully described in the sixth paragraph of answer of defendant to the original bill, Louis Stein, to which reference is prayed to be made as may be necessary, except as hereinafter set forth." It is also stated in the first paragraph that the Mobile City Water Works were constructed in 1841 and subsequent years by Albert Stein and Samuel Richards, according to an agreement between them, a copy of which is appended as exhibit "A." That Richards died, leaving a will, a copy of which is appended as ex-

hibit "D." That Stephen Colwell was executor of
Richards' will, and he and said Stein made a further
agreement as to the construction of said water works.
These agreements are attached as exhibit "B" and "C."
That in dividing up the said water works into shares
between said Stein, Colwell and Richards' estate, Stein
got 62.50 parts, Richards' estate 29.50 parts, and Col-
well 8 parts.

Paragraphs 2, 3, 4, 5, 6, 7 and 9 are devoted to tracing
the title of the shares of said Richards and Colwell down
to complainant Anna R. McGrath, and defendants Wal-
ter Woods and Elisha M. Fulton. Paragraph 8 sets
forth the Albert Stein interest, and shows that he de-
vised the same to his five children, and of that share or
part in the water works Walter Woods has acquired the
interest of Mrs. Triplett, daughter of said Albert Stein.
That the complainant, Emma Gordon, and the defend-
ants Louis Stein, Fritz Stein and Ella Davenport own
the remaining four-fifths of the Albert Stein part or
share. The tenth paragrah summarizes the interest of
the parties to the suit in said Water Works.

Paragraph 11 charges that Louis Stein has, ever since
the death of his father in 1874, been in the continuous
and sole management of said Water Works. Paragraph
12 states the residences of the parties to the suit.

Paragraph 13 reads as follows : "Oratrices further
show that said property is a water works plant, which is
fully described in the seventh paragraph of the answer
and cross bill of Walter Woods to the original bill, and
in paragraph 6 of the answer of the respondents Louis
Stein *et al.* to the original bill, which are both referred
to as a part of this amended bill."

The fourteenth paragraph charges that the property
can not be equitably partitioned without a sale, etc.
At the end of paragraph 14 is this : "And amend the
bill further by striking out the prayer as it now reads
and inserting in lieu thereof the following, viz.:"
Then follows the prayer for the sale of the "said prop-
erty constituting said Mobile City Water Works," for
division of the proceeds among "the respective parties
to this bill according to their respective proportionate
interests as shown in the bill."

The defendants, Louis Stein, Fritz Stein and Ella
Davenport, demurred to the amended bill, and assigned

five causes for demurrer. The first and second causes of demurrer are upon the ground that the amended bill is a departure from the cause of action stated in the original bill; the second assignment of demurrer being in language as follows: "Because the purpose, object and prayer of said original bill was the settlement of the copartnership business of the Mobile City Water Works Company between the partners, and a sale and distribution of the copartnership property among the said partners in said business, and said amended bill of complaint strikes out the whole of the stating parts and prayer of said original bill, and substitutes in lieu thereof a new and distinct cause of complaint, viz., that the parties to the cause are mere tenants in common of certain property, and which property the complainants in said amended bill pray may be sold for partition or division among the owners thereof." The third cause of demurrer is that the said amended bill fails to set out an accurate or other description of the property alleged to be owned by the parties as tenants in common. The fourth and fifth causes of demurrer are upon the ground that it is not proper practice to amend a bill of complaint in material parts by a reference merely to an answer or cross bill filed by a defendant to the original bill, which original bill has been stricken out. These demurrers were overruled. From the decree overruling these demurrers the present appeal is prosecuted, and the rendition thereof is assigned as error.

L. H. FAITH, for appellants.—The amended bill substituted an entire, new cause of action; and the demurrer thereto assigning this ground should have been sustained.—*Pitts v. Powledge*, 56 Ala. 150; *Rapier v. Gulf City Paper Co.*, 69 Ala. 476; *Scott v. Ware*, 64 Ala. 174; *Penn v. Spence*, 54 Ala. 35.

The amended bill was defective in failing to set out an accurate or full description of the property which was owned in common, and which was sought to be partitioned; and the demurrer rasing this objection should have been sustained.—*Strange v. Gunn*, 56 Ala. 611; *Hillens v. Brinsfield*, 108 Ala. 605.

BESTOR & GRAY, *contra*.—The cause of action and the subject matter of the suit as set out in the amended bill

was the same as that set forth in the original bill. The amendment was, therefore, properly allowed.—*Staton v. Rising*, 103 Ala. 454; *Mumford v. Pearce*, 70 Ala. 452; *May v. Lewis*, 22 Ala. 646; *Steiner v. Parker*, 108 Ala. 357; *Adams v. Sayre*, 70 Ala. 325; *Rapier v. Gulf City Paper Co.*, 69 Ala. 481; *Moore v. Alvis*, 54 Ala. 356.

BRICKELL, C. J.—1. The original bill may not have stated accurately, or may have stated ambiguously, the relation of the parties, leaving it in doubt whether they were tenants in common, or partners. This being true, curing the insufficiency or imperfection of allegation by amendment was matter of right at any time before final decree.—Code of 1886, § 3449. By amendment, a new cause of action may not be substituted for that stated in the original bill; nor can there be such change, or varying of the statements of fact, as would entitle the plaintiff to relief essentially different from that prayed by the original bill. The correction of the inaccurate or ambiguous statement of the real relation of the parties cannot properly be said to substitute a new cause of action, or to vary essentially the relief which could have been obtained on the original bill, if the inaccuracy or insufficiently had not existed. The cause of action—the partition of the property by sale, because it was incapable of division otherwise—remains the gravamen of each bill, and curing the defective statement of the relations of the parties, by amendment, was matter of right.

2. The statute (Code of 1886, § 3262), confers jurisdiction on the court of chancery, concurrent with that conferred on the court of probate, to divide or partition, or to sell for division or partition, any property, real, personal, or mixed, held by joint owners or tenants in common. If the remedy is sought in the court of probate, a statutory requirement is, that the application must set forth "a full and accurate description of the property sought to be divided or partitioned."—Code of 1886, § 3239. This corresponds with the general rule at law, or in equity, in reference to the elements of the pleading in suits for partition.—17 Am. & Eng. Encyc. of Law, 733. The necessity for such description is not now controverted, but the particular question is, whether an amended bill not in its premises, or stating part, de-

scribing the property sought to be partitioned, is sufficient, if it refers for the description to an answer and cross-bill filed by a defendant to the original bill. An exhibit containing a description of the property attached to the bill, may be referred to, and would dispense with the necessity of describing the property in the premises, or stating part, for the reason that such exhibit would be part of the bill. But neither the answer and cross-bill nor copies of them are attached to the bill; are not exhibits to it. There is no more than the general allegation that the property is fully described in particular paragraphs of the answer and cross-bill filed to the original bill. It may be observed, that all the stating part of the original bill was stricken out by the amended bill —that alone was the pleading on which the plaintiff could rely, in support of which evidence could be offered, and upon which relief could be obtained. Whether the answer and cross-bill was appropriate to the amended bill, was matter of consideration for the defendant interposing them, if reliance was placed upon them; and at any time before final decree, either could have been amended by striking out the paragraphs referred to, or by changing the description of the property therein given, enlarging or diminishing it, rendering necessary further amendment of the bill. Without pursuing further discussion of the question, we are of opinion the demurrers to the amended bill for the want of an accurate description of the property of which partition is sought, should have been sustained. Any other conclusion would encourage a laxity of pleading, injurious to suitors, and embarrassing to the administration of justice. This conclusion renders necessary, a reversal, in this respect, of the decree of the chancellor, and a remandment of the cause.

Reversed and remanded.