# Smith *et al.* v. Smith, Adm'r, *et al.*

*Bill in Equity to Compel an Accounting by Administrator; for the Foreclosure of a Mortgage; and to Compel Attaching Creditors to Account for Proceeds of Sale of Mortgaged Property.*

(Decided January 14, 1902.)

1. *Reference to register to state account, power of chancery court.* A chancery court has inherent power to have acounts involved in a suit before it stated and passed on by the register, in order that his finding and report may facilitate the ascertainment of facts to govern the decree, and the parties have no right to impose on the court the labor of obtaining from the evidence *data* for the original statement of accounts.

2. *Equity practice; dismissal of bill for failure to have reference executed.*—Where an order of reference was made in 1893, at complainant's instance, and the reference had not been executed in 1899 when the cause was submitted, owing to no steps having been taken by complainant to that end, it is proper to dismiss the bill without prejudice (citing Code, § 741.)

APPEAL from Cleburne Chancery Court.

Heard before Hon. J. R. BARKER, Special Chancellor.

This case has been twice before in this court. See *Smith v. Smith,* 102 Ala. 516; s. c. 106 Ala. 298, where the averments of the bill are shown. On submission for decree on the pleadings and proof the chancellor dismissed the bill. Complainants appeal.

[Smith *et al.* v. Smith, Adm'r. *et al.*]

JAMES AIKEN, for appellants.

MERRILL & BRIDGES and T. A. JOHNSON, *contra,* cited
Daniell's Chancery Pl. & Pr., p. 2394, 74th rule; Code,
§ 741; *Jeter v. Jeter,* 36 Ala. 394; *Chambers v. Wright,*
52 Ala. 444; *Thornton v. Neal,* 49 Ala. 590; *Rumbly v.
Stanton,* 24 Ala. 712; *Hodge v. Wise,* 16 Ala. 509.

SHARPE, J.—On both the former appeals in this case
it was clearly pointed out that before any decree for a
foreclosure of the mortgage could be granted it would
be necessary to ascertain the amount due from the ad-
ministrator of C. A. Smith's estate and to decree the
amount due from him to the heirs who are complain-
ants. See *Smith v. Smith,* 102 Ala. 516, s. c. 106 Ala.
298. Notwithstanding such necessity and admonition
complainants have wholly failed to have executed the
orders of reference made with a view to stating the ac-
counts of the administrator and surviving partner. By
statute it is made the duty of the party for whose ben-
efit a reference is ordered to cause the matter to be pre-
sented to the register "within the time limited for the
hearing and if no time is limited within three months
after the reference is made."—Code, § 741. The original
order of reference was made in the first of these consoli-
dated causes in 1893. Though some of the respondents
have apparently sought to hasten its execution, com-
plainants so far as the record shows had not done so
prior to the March term, 1899, at which term the court
ordered that the complainants should try the cause at
the next term. It appears that only a few days before
the succeeding term complainants had a day set for stat-
ing the accounts but even that late move was abandoned
and the cause was submitted for final decree without
execution of the reference.

A chancery court has inherent power to have accounts
involved in a suit before it stated and passed on by the
register in the first instance in order that his findings
and report may facilitate the ascertainment of facts
which are to govern its decree and to proceed in that
way is the usual and most convenient practice. The
parties have no right to impose on the court the labor

of obtaining data from depositions or other evidence for an original statement of accounts. Apparently that course was attempted in this case, for short of ascertaining the administrator's liability for itself, the court under the submission made had only the alternative of re-ordering the reference and continuing the cause for that purpose, or of dismissing the bill. For the reason stated in cannot be seen that the court committed reversible error in adopting the latter course.

The decree will be here modified so that the dismissal will be without prejudice to complainants' right to sue again for a settlement of W. R. D. Smith's administration of the estate of C. A. Smith and for the recovery as against the administrator and the sureties on his bond of any interest they may have in that estate. As so modified the decree will be affirmed.