# McGrath, *et al. v.* Stein, *et al.*

*Bill for Dissolution of Partnership, and For Sale of Property For Division.*

(Decided Nov. 22, 1906. 42 So. Rep. 454.)

1. *Equity; Dismissal of Bill; Failure to Have Reference Executed.*— Where a complaint, at whose instance a reference is made, fails to have the order of reference executed within the time fixed for the hearing, it is within the discretion of the chancellor to dismiss the bill, under Section 741, Code of 1896.

2. *Evidence; Books of Account.*—Where it appeared that a decree directed that, for the purpose of an accounting, one of the defendants who was in charge of the property, should deliver to the register all the books and accounts belonging to the firm, which decree was affirmed on appeal, and thereafter such defendant delivered to the register a number of books, including a certain book of accounts which was made in part from entries in other books, but which appeared to be the book from which all the annual statements of receipts and disbursements had been made, and when made, forwarded to the respective owners of the property, who had accepted such annual statements for a long period of years; and it further appearing that the books were accessible to all other parties and on two occasions complainants agent had inspected the particular book in question and made no objection thereto, it was error to exclude such book, on the reference. It should have been admitted and treated as prima facie correct.

APPEAL from Mobile Chancery Court.

Heard before HON. THOMAS H. SMITH.

Bill by Anna R. McGrath and others against Louis Stein, and others, for a dissolution of a partnership and for sale of property for division. From a decree dismissing the bill for want of prosecution, plaintiffs ap-

peal. The facts sufficiently appear in the opinion of the court.

FREDERICK G. BROMBERG, for appellant.—No weight is to be given the decision of the chancellor upon the facts. The finding of the register is attended by the same presumption of correctness that waited upon it before the chancellor, and has the effect of the finding of the jury.—*Pollard v. A. F. L. M. Co.,* 139 Ala. 183; *Williams v. Norton,* 139 Ala. 404; *Shows v. Folmar,* 133 Ala. 599; *Anniston L. & T. Co. v. Ward,* 108 Ala. 85; *Kenzie v. Kenzie,* 37 Ala. 396; *Rusk v. Electric Light Co.* The court cannot on exception to a master's report make an order inconsistent with the original decree.—2nd Daniels Chancery Prac. (6th Ed.) star. p. 1319.

B. B. BOONE, for appellee.—The rule among tenants in common is that where there is a system of accounts kept by one of the tenants in common to which the others have access from time to time and no exception is pointed out to this method the account must be taken as prima facie correct.—*Paulin v. Cregh,* 54 Ala. 651; *First National Bank of Birmingham v. Allen,* 100 Ala. 476. This court held the owners of the property to be tenants in common in the case of *Stein v. McGrath,* 116 Ala. 593. The complainants made no attempt to execute the reference for several terms and it was within the discretion of the court to dismiss the case.—*Smith v. Smith,* 132 Ala. 138.

DENSON, J.—The original bill was filed on the 10th of June, 1895, by Anna R. McGrath and Emma Gordon, against Louis Stein, Fred Stein, Ella Davenport, Elishe M. Fulton, and Walter Wood. The bill had for its object and purpose the dissolution of the partnership business and accounts between the persons associated together under the firm or copartnership name of the "Mobile City Waterworks," and for a sale of the property belonging to and standing in the name of said partnership, the Mobile City Waterworks, or in the name of Albert Stein, as trustee for said partnership, for distribution among the partners. The defendant Wood, in

his answer to the original bill, denied the existence of the partnership, and by cross-bill set up that the persons associated together in said business were tenants in common, and not partners. A description of the property of said association was set out in the cross-bill, and a prayer was added that the property be sold for partition, on the allegation that it could not be equitably divided, etc. On, the 29th of April, 1896, the complainants adopting the theory of the cross-bill, by an amendment converted their bill into one for a sale of the property among them and the respondents as tenants in common. It is averred in the amended bill that the respondent Louis Stein has, ever since the death of his father, Albert Stein, in 1874, been in the continuous and sole management of said waterworks; and in addition to the prayer for sale and distribution there is a prayer for an accounting by Louis Stein, that he be restrained from further collecting or receiving the moneys due the said waterworks, and that a proper person be appointed to take possession of and manage said waterworks until a sale thereof, and to demand and receive all property, books, and accounts which may belong to said waterworks. The bill as amended was demurred to on the ground that it did not contain an accurate description of the property. This demurrer was overruled, and on appeal to this court the decree was reversed and the cause remanded.—*Stein v. McGrath,* 116 Ala. 593, 22 South. 861.

The bill as amended was amended to meet the demurrer on the 4th day of January, 1898. On July 31, 1899, a decree was rendered sustaining the equities of the bill and ordering a reference to ascertain the status of Louis Stein's accounts, in the event he failed to file his account within a fixed time. An appeal was prosecuted from this decree on the 16th day of August, 1899, to this court, and on the 20th day of November, 1900, the decree of the chancery court was affirmed.—*Stein v. McGrath,* 128 Ala. 175, 30 South. 792. The decree of the chancellor for an account is in the following words: "It is further ordered, adjudged, and decreed that the respondent Louis Stein be, and he is hereby, ordered to deliver to the register, upon his demand, all the property, books, and ac-

counts, whatsoever which belong to the waterworks
property described in the bill of complaint, and all mon-
eys now in his hands derived from the said waterworks
property. And it is further ordered, adjudged, and de-
creed that said respondent Louis Stein file forthwith
with the register a statement of all the moneys received
and paid out by him since he has been managing said
waterworks and other property described in the bill of
complaint, together with the vouchers therefor; and for
the purpose the register shall allow said respondent to
have free access to said books of said waterworks com-
pany at all reasonable hours. It is further ordered, ad-
judged, and decreed that, upon the filing of his state-
ment of account and vouchers by said respondent Louis
Stein, the register shall give notice of such filing to the
other parties to this suit, and shall allow all parties, or
their agents, a reasonable period of time for the exami-
nation of said account and vouchers; and at the end of
such period the register is hereby ordered to hold a ref-
erence for the purpose of examining such statement of
account and vouchers filed by said respondent Louis
Stein, and he is hereby ordered to give notice of the
time and place of holding such reference to the parties
hereto, or to their solicitors of record. It is further or-
dered, adjudged, and decreed that, in case the said res-
pondent Louis Stein shall not file his statement of ac-
count and vouchers within thirty (30) days from the
date of the filing of this decree, the register shall pro-
ceed to state the account of said respondent as such
manager of the property described in the bill of com-
plaint, and shall proceed to state the account of said res-
pondent from the books of said water company, and
from such other evidence as may be produced before him,
for which purpose he may hold such reference or ref-
erences as he may deem necessary. It is further order-
ed, adjudged, and decreed that the report of the register
of his findings at such reference lie over for sixty (60)
days for the filing of exceptions thereto, and at the ex-
piration of said sixty (60) days the register is hereby
ordered to transmit this report, together with the evi-
dence and the exceptions, to the court or to the chancel-
lor in vacation. It is further ordered, adjudged, and de-

creed that the sale of the property hereinbefore described be postponed until the confirmation of said report of the register. It is further ordered, adjudged, and decreed that all other questions be reserved until the coming in of said report of the register. July 31, 1899."

The certificate of affirmance was not issued until June 29, 1901. On the 8th day of July, 1901, a demand was made by the register on Louis Stein for all the property, books and accounts belonging to the waterworks property described in the bill. On the 17th day of August, 1901, Louis Stein delivered the books to the register, accompanied by an affidavit, made by him before the register, that one of the books, labeled "A," contained a true and correct account of all moneys received and disbursed by him for said waterworks from the time he took charge to the date of the affidavit. The delivery of the books was also accompanied by an affidavit made by one Gimon, who was the bookkeeper for the waterworks. The register did not regard the delivery of the books and the affidavits as a compliance with rule 91 of chancery court practice respecting the manner of bringing in accounts before the register; and in his report he states that he was unable to make up an account from the books delivered, which statement is based on facts stated in the report, but none of which we think apply to the book marked "Exhibit A." It was not in any box, as were all the other books, but was delivered to the register separate and apart from the boxes. Upon the face of this particular book it cannot be doubted that it purports to set out all the receipts and disbursements of the waterworks during the time of Louis Stein's administration of the affairs of the concern. But, from the view we shall take of the case, it is unimportant whether the delivery of Exhibit A, with the affidavit accompanying it, was, or not, substantial compliance with the rule of chancery practice referred to.

The register's report shows that after giving notice to the respective parties he began on the 19th day of April, 1902, to hold a reference for the purpose of stating the account of the respondent Louis Stein, and completed the reference the 6th day of June, 1902. The report was

[McGrath, et al. v. Stein, et al.]

filed the 30th day of August, 1902. Exceptions to the report were filed by Louis Stein, and on the 24th day of April, 1903, a decree was rendered sustaining the exceptions and ordering a new reference to be held under the decree of July 31, 1899. On the 28th day of April, 1903, on motion of the complainant, a decree was rendered modifying the decree of April 24th, by extending the time for holding the reference until January 1, 1904. The city of Mobile acquired the interest of the complainant in the corpus of the property by condemnation proceedings and that of the defendants by purchase, thus leaving in the complaint only the right to have the reference executed to ascertain her interest in the profits, if any, that were received by Louis Stein. No steps were taken by the complainant to cause the "new reference" to be held, and on July 6, 1904, the chancellor rendered a final decree dismissing the bill.

The statute (section 741 of the Code of 1896) provides: "Whenever a reference is made to the register, the party at whose instance, as for whose benefit, the reference is' made must cause such matter to be presented to the register within the time limited for the hearing, and if no time is limited, within three months after the reference is made." Under the facts of this case and the requirements of the statute, the duty clearly devolved on the complainant to have the decretal order of reference executed by January 1, 1904, and, not having done so, it was within the discretion of the chancellor to dismiss the bill and adjudge the cost, as was done in the decree.—*Smith v. Smith*, 132 Ala. 138, 31 South. 359.

The appeal now before us is prosecuted by the complainant, Mrs. McGrath, from the final decree of July 6, 1904, which appears to be one dismissing the cause for the want of prosecution. It is insisted, however, that the chancellor erred in sustaining the exceptions to the register's report and ordering a new reference to be held. Without conceding that, if the chancellor's ruling in this respect was erroneous, that would excuse the complainant from having a new reference executed, we will proceed to examine the correctness of that ruling. And in this respect we think that the only question for determination is, did the register err in excluding from

the evidence the book labeled "A"? The effect of the chancellor's ruling is that the register should have received this book and that he should have treated it as being prima facie correct. In fact, the decree sustaining the exceptions and ordering a new reference directs that the register, in holding it, should accept, consider, and treat as prima facie true and correct the books and accounts filed by Louis Stein.

Appellant's counsel asserts in the brief that the register did not exclude the book labeled "A." In this we are of the opinion that counsel is mistaken. Motion was specifically made by counsel for cross-complainant Walter Wood to strike from the evidence Exhibit A, so far as the same purported to show the aggregate credit for expenditures made by Stein. This motion was adopted and insisted upon by counsel for the complainant (appellant) Mrs. McGrath. The report of the register with respect to the matter is as follows: "The motion filed by Walter Wood to strike from the testimony Exhibit A is well taken and should be sustained. This motion is in writing and is hereto attached." From this and the entire proceedings had before the register we are unable to come to any other conclusion than that he disregarded the book, at least so far as the credit or disbursement side of it is concerned.

Without dispute the parties, complainants and respondents, sustained the relation of tenants in common to each other; and without any conflict in the evidence Louis Stein, one of the tenants in common, was in active control and management of the common property from the death of his father, Albert Stein, in 1874, until the 15th day of May, 1898, when he delivered the possession and control to the city of Mobile. It is further shown, without any conflict in the evidence that the system of bookkeeping, of which Exhibit A formed a part, was peculiar to the waterworks company, and was established by Albert Stein while in the management of it. It further appears that, while Book A in part was made up from entries in other books, it was the book from which all the annual statements of receipts and disbursements were made; that these statements, when made out, were forwarded to the respective owners of the property,

including Mrs. McGrath, represented by her duly authorized agent, and the annual settlements made in this way were accepted by all the parties for a long series of years without objection from any source, and receipts for dividends were executed and delivered to Louis Stein in accordance therewith. It was further shown that the entries in the book were accurate and correct. Further, it was shown that the books were all accessible and open to all the parties, and that Mrs. McGrath's agent had on two occasions inspected the particular book and made no objection to it. Under these conditions, we think the book should not have been excluded by the register, but that it should have been accepted as evidence and treated as being prima facie correct.— *Kirkman v. Vanlier,* 7 Ala. 217; *Routen v. Bostwick,* 59 Ala. 360; *Powers v. Dickie,* 49 Ala. 81; *First Nat. Bank of Birmingham v. Allen,* 100 Ala. 476, 14 South. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80; *Bolling v. Fannin,* 97 Ala. 619, 12 South. 59; *Paulling v. Creagh's Adm'rs,* 54 Ala. 651, 653; *Heartt v. Corning,* 3 Parige (N. Y.) 566.

But there is a still stronger reason for upholding the decree of the chancellor in respect to this matter. The bill charges that Louis Stein is in possession of all the property of the waterworks, and prays that a proper person be appointed to demand and receive all property, books, and accounts which may belong to said waterworks, an accounting by Louis Stein is prayed for, and the decree directed that, on demand made by the register, Louis Stein should deliver to him all the books and accounts that belonged to the waterworks. The demand was made, and in response Exhibit A was delivered by Stein to the register. Furthermore, we have seen that the decree directed the register, in the event Stein failed to file his account to state an account from the books of the waterworks and from other evidence as might be produced before him. It cannot be doubted that the bill in its prayer required the delivery of the books, and whether for the purpose of making them the basis of stating an ccount or not makes no difference, as the decree directed that they should be used for that purpose. And on the appeal from the decree by Stein no cross-error was assigned by

[Hoffman, et al. v. Sewell, et al.]

the complainant, but she allowed the decree to be affirmed in its entirety, and as thus affirmed it became and remains the law of the case for taking the account. And in this state of the case we are of the opinion that Book A should have been retained as being prima facie correct.—*Routen v. Bostwick*, 59 Ala. 360; *Tarleton v. Goldthwaite's Heirs*, 23 Ala. 346, 58 Am. Dec. 296.

It follows that we have found no error in the chancellor's decree, and it must be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.