(88 South. 557)

**DAVENPORT et al. v. STATE.** (8 Div. 323.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Appeal and error** ⟐931(1)—**No presumption in favor of conclusion of trial court founded on deposition.**

Evidence in case being by deposition, and not ore tenus, it will be considered on appeal without a presumption in favor of the conclusion of the trial court.

2. **Intoxicating liquors** ⟐246—**Automobile of one negligent in not getting rid of driver properly condemned.**

An automobile engaged in the transportation of intoxicating liquors was properly condemned, although the owner thereof was not a party to the transportation, or had notice of the same, where he had been warned of a report that the person driving it had been so using his car and was negligent in not getting rid of such person, and not acting upon the warning and following it up by an investigation.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Petition by the State of Alabama, on the relation of its Solicitor, against Joe B. Davenport, Tom Scotti, and one Oakland touring car, to condemn said car because transporting illegal liquors. From a decree condemning the car, respondents appeal. Affirmed.

R. E. Smith and Douglass Taylor, both of Huntsville, for appellants.

No brief came to the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The owner had such notice of the use to which the car was being put; such informa-

tion, which was followed up, would have resulted in knowledge, and therefore the car was properly condemned. Acts 1919, p. 6.

PER CURIAM. [1] The evidence in this case being by deposition, and not ore tenus, the same has been considered by this court without a presumption in favor of the conclusion of the trial court, and we are of the opinion that liquor was transported in the car in question, and that the same was properly condemned by the trial court.

[2] It is true there is no proof that Scotti, the owner, was a party to the transportation or had notice of same, yet he had been warned of the report that Davenport had been so using his car, and which said 'warning he did not deny, and we think that the evidence is sufficient to charge him with negligence in not getting rid of Davenport, or at least in not acting upon the warning and following it up by an investigation.

The decree of the circuit court is affirmed. Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.