(92 South. 894)

## STANDARD OIL CO. v. STATE.
(7 Div. 250.)

(Supreme Court of Alabama. April 13, 1922.)

1. Appeal and error ☞1008(1)—Trial court's finding given effect of verdict.

Where the evidence was heard by the trial court ore tenus, its finding on the facts must be given the effect of a verdict.

2. Intoxicating liquors ☞251—Evidence held to authorize finding that truck owner was negligent in not preventing use of trucks in transporting liquor.

Evidence held to authorize finding that company claiming condemned trucks was negligent in investigation and prevention of violations of the liquor law, after its resident managing agent had notice that drivers were using trucks for the illegal transportation of liquor.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Bill by the State of Alabama against the Standard Oil Company, as claimant of certain trucks, to condemn these trucks because used in the unlawful transportation of liquor. From a decree of condemnation, claimant appeals. Affirmed.

The evidence tended to show that the driver of one of the trucks admittedly belonging to the Standard Oil Company was arrested while on his truck, and that he had in his possession and had transported on said truck certain jars filled with corn whisky. It appeared also from the evidence of the driver that the hauling of the whisky was purely his personal venture, and that the resident agent knew nothing of it. It appears from the evidence for the state that the chief of police of Anniston, prior to this occasion, told the local manager of the Standard Oil Company and Mr. Lott, the district manager,

that their trucks were violating the prohibition law by hauling liquor into town, and that there was liquor about their service stations.

Knox, Acker, Sterne & Liles, of Anniston, and Tillman, Bradley & Baldwin, of Birmingham, for appellant.

The owner could not, by reasonable diligence, have prevented the illegal use of the vehicle, and hence it is not subject to condemnation. 203 Ala. 506, 84 South. 297.

Harwell G. Davis, Atty. Gen., and H. D. Logan, of Anniston, for the State.

The order of condemnation was proper. 205 Ala. 492, 88 South. 440. The court heard the witnesses, and its judgment will not be disturbed. 203 Ala. 686, 85 South. 28; 205 Ala. 337, 87 South. 592.

SOMERVILLE, J. [1] The evidence in this case was heard by the trial court ore tenus, and its finding on the facts must be given the force and effect of a verdict. State v. Merrill, 203 Ala. 686, 85 South. 28.

[2] We cannot say that the evidence did not reasonably authorize a finding that defendant, by reason of the notice given to its resident and managing agent of the fact that its trucks were being used by their drivers for the illegal transportation of liquors, was guilty of a want of due and reasonable diligence in the investigation and prevention of such violations of the law. Davenport v. State, 205 Ala. 429, 88 South. 557.

Upon these considerations, the judgment of condemnation must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.