189 So. 729

**HUIE et al. v. SMITH.**

**3 Div. 294.**

Supreme Court of Alabama.

May 25, 1939.

Gipson & Gipson, of Prattville, and Reese & Reese, of Selma, for appellants.

Douglas Booth, of Prattville, for appellee.

**THOMAS, Justice.**

The appeal is from a decree overruling a motion to dismiss the cause for want of prosecution.

The motion made and notice thereof given was to the effect that the same would be heard on March 28, 1939, and a decree overruling the motion was dated March 30, 1939.

This appeal challenges the action of the trial court in overruling the motion to dismiss the suit in question.

It should be said that the decree granting the relief prayed for in the bill and ordering a reference before the register was dated August 12, 1937. A motion to set aside the same was made, continued and set for hearing on September 17th, 1937. On February 3, 1938, appellants appealed from that decree, which appeal was affirmed by this court and rehearing thereon denied. Huie et al. v. Smith, 236 Ala. 516, 183 So. 661. It is thus apparent that the cause is pending in the lower court, the merits thereof not having been fully determined.

 It is necessary that a decree from which appeal is prosecuted be final in order to support an appeal under the statutes and our decisions. Michie's Code, § 6078; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; for final decree. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Webb v. French, 225 Ala. 617, 144 So. 818; State ex rel. Garrow et al. v. Grayson, 220 Ala. 12, 123 So. 573.

In Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427, the court indicated the fact that a decree merely overruling a motion to dismiss the cause is not final, in that it did not settle the merits of the cause and fix the rights and liabilities of the parties; that such a decree did not give jurisdiction in this court or support an appeal, taken from such ruling. The many cases touching the subject are cited in State ex rel. Garrow et al. v. Grayson, supra. To like effect are Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884; Osborn v. Robertson Tire & Auto Co., 15 Ala.App. 358, 73 So. 229.

 We may again observe that the cause was not submitted for final decree on the merits as may be presented to the court on such final hearing and report, and thus the cause is pending in the lower court. It is still within the exercise of the discretion of the lower court to re-order a reference by the register (the former date having passed) and there is no rule of law to prohibit the court's right to exercise in the behalf indicated or invoked. Code, § 6594; Chancery Rules, § 887-94; McGrath et al. v. Stein et al., 148 Ala. 370, 42 So. 454; Smith v. Smith, 132 Ala. 138, 31 So. 359; Standard Oil Co. v. State, 207 Ala. 303, 92 So. 894.

It follows that the motion to dismiss the appeal is well taken and such is the order.

Appeal dismissed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.